United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-51071
Summary Calendar
_____

HAROLD HARVEY,

Plaintiff - Appellant,

versus

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. 1:05-CV-905

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Harold Harvey appeals the district court's judgment affirming the Social Security Administration's determination that he is not disabled and thus is not entitled to social security disability benefits and supplemental security income.

The Administrative Law Judge ("ALJ") found that Harvey suffers from diabetes mellitus, pancreatitis, hepatitis, and is "status post-injury to his left forearm with the absence of the ability for

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pronation and/or supination at the midpoint." The AJL found that Harvey's allegations regarding his limitations were not "totally credible" and that Harvey retains the residual functional capacity to perform work at the sedentary exertional level limited "by the inability to lift or reach overhead with his left (non-dominant) upper extremity." The ALJ also found that Harvey is marginally illiterate and thus cannot perform work that would require him to prepare written reports or where the instructions are not given orally or demonstrated to him.

Harvey argues that the ALJ's residual functional capacity determination is not supported by substantial evidence and that the ALJ did not properly assess his credibility. We review a denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

Harvey argues that the ALJ's determination that he retains the residual functional capacity to perform work at the sedentary level, limited by his inability to lift or reach overhead with his left arm, is not consistent with Dr. Ross's conclusion that he is limited in his ability to "lift, reach, handle, and finger" with his left hand. At the administrative hearing, Harvey testified that the fingers on his left hand worked and that he could touch his thumb to his fingers. However, he testified further that the fingers on his left hand do not work easily or well, making it hard

2

for him to pick up small things and place them in a bag or wrap a package. Notwithstanding Harvey's testimony and Dr. Ross's evaluation, the record contains substantial evidence to support the ALJ's determination. As the magistrate judge noted in rejecting this contention, the only reference to a fingering limitation in Dr. Ross's evaluation is a check-mark in a box on a form, with the comment, "see report". Dr. Ross's report, however, does not discuss or mention any limitation on "fingering". In addition, the ALJ's determination is supported by the vocational expert's testimony that the jobs she found Harvey would be capable of performing are "jobs that are going to be done on a table or desk in front of you and the use of the non-dominant hand would be just to ... put something against it or somehow like that."

Harvey also contends that the case must be remanded because the testimony of the vocational expert as to the issue of illiteracy is unclear. The record does not support this contention. The vocational expert testified that the jobs she cited "allow a margin of literacy" and that "many people in these jobs ... don't read or write at all."

Next, Harvey asserts that some of the jobs referred to by the vocational expert are not sedentary, but instead are described in the Dictionary of Occupational Titles ("DOT") as "light" in terms of exertional requirements. The vocational expert testified, however, that all of the jobs she cited were at the "sedentary, unskilled level". Harvey's counsel had an opportunity at the

hearing to cross-examine the expert regarding her classification of the jobs she cited, but did not do so. See Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000) (the claimant will not be permitted to scan the record for unexplained conflicts between the expert's testimony and the provisions of the DOT when the conflict was not deemed sufficient to merit adversarial development at the administrative hearing).

Harvey also asserts that the ALJ's residual functional capacity determination is contrary to the report of Dr. Vander-Molen and ignores the regulations requiring the ALJ to assess his ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis, eight hours a day for five days a week or an equivalent work schedule. Dr. Vander-Molen, a vocational expert, reported that he was concerned that Harvey's multiple medical conditions "may cause him to be unreliable in the competitive work environment". Dr. Vander-Molen reviewed Harvey's records and interviewed him by telephone. We will not disturb the ALJ's resolution of the conflicts between Dr. Vander-Molen's report and the testimony of the medical expert, Dr. Welch. Dr. Welch testified that, except for the problems with his left arm, Harvey had no limitations that would prevent him from walking, sitting, standing, or lifting ten pounds for eight hours a day on a regular basis.

Finally, Harvey argues that the ALJ failed to properly evaluate his credibility because the ALJ's conclusion that he is

not totally credible is not supported by any specific rationale or specific finding of discrepancies in his testimony. This contention is without merit. The ALJ summarized Harvey's testimony at the hearing and noted that his description of his limitations was not consistent with the testimony of the medical expert or with Dr. Ross's finding that Harvey had no limitations in lifting with his right arm, standing, walking, or sitting. The ALJ also noted Harvey's testimony that he was able to care for his personal needs and that he had worked preparing apartments for occupancy from 1999 to 2001 (after the claimed onset of disability in 1998).

For the foregoing reasons, and for the reasons given by the magistrate judge in his thorough opinion, we conclude that the ALJ applied the appropriate legal standards and that substantial evidence in the record supports the ALJ's determination that Harvey can perform sedentary work, with the limitations recognized by the ALJ, on a continuing basis. Accordingly, the judgment of the district court is

AFFIRMED.